IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES EDWARD WHITE, #209419, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-308-WHA |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

James Edward White ("White"), a state inmate, filed this 42 U.S.C. § 1983 action on April 29, 2016. In the instant complaint, White challenges the failure of administrative officials at Staton Correctional Facility to investigate alleged threats to his safety. White did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. In support of this request, White provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by White and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that White owed an initial partial filing fee of $20.00. *Doc. No. 3* at 1-2. The court therefore ordered that White pay the initial partial filing fee on or before May 26, 2016. *Id*. at 2. In

addition, this order specifically informed White "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of such funds to this court for payment of the initial partial filing fee**." *Id.* (emphasis in original). The order also "advised [White] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id.* at 3. Moreover, the court specifically cautioned White that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id.*

White has failed to pay the initial partial filing fee within the time allowed by the court. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. This case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

2. The plaintiff's motion for preliminary injunction be DENIED as such motion is not properly before the court absent payment of the initial partial filing fee.

It is further

ORDERED that on or before **June 29, 2016** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of June, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE